UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Nicole W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 CV 50292 |
| | ) | Magistrate Judge Lisa A. Jensen |
| Andrew Saul, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has moved for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a), (d). Dkt. 32. For the following reasons, Plaintiff's motion is denied.

## I. BACKGROUND

Plaintiff filed an application for disability insurance benefits in October 2015. After her claim was denied at the initial and reconsideration levels, she appeared before an administrative law judge ("ALJ") in January 2018. Plaintiff's claim was denied by the ALJ in March 2018. Plaintiff appealed the ALJ's decision, and the Appeals Council denied Plaintiff's appeal in August 2018. In September 2018, Plaintiff filed a complaint requesting judicial review of the Commissioner's final decision.

In February 2020, this Court granted Plaintiff's motion for summary judgment and remanded the case. The Court found that the ALJ's conclusory two-sentence listing analysis was inadequate because the ALJ simply parroted the language from the listing, and that this basis was sufficient to justify a remand. The Court went on to determine whether the ALJ's decision could still be affirmed based on two approaches suggested by the Commissioner. The first approach proposed by the Commissioner was a burden-shifting framework. The Court opted not to utilize this approach due to its relative novelty with respect to Social Security cases and because the cited authority did not unequivocally support or explicitly adopt the framework. Instead, the Court utilized the Commissioner's second suggested approach: the harmless error framework. The Court acknowledged that some doubt existed as to whether Plaintiff would ultimately be successful but determined that the doubt did not rise to the level of harmless error. The Court also noted that the ALJ's credibility analysis seemed to be vague and incomplete. Finally, the Court advised that on

remand calling a medical expert or otherwise relying on a medical opinion would be important for assessing whether Plaintiff equaled the listing.[1]

In March 2020, the Commissioner filed a Rule 59(e) motion to alter or amend the judgment. The Commissioner argued that this Court (1) should have applied the strict burden-shifting framework that puts the onus on the Social Security claimant; (2) gave Plaintiff's arguments a "charitable" and "sympathetic" reading; and (3) improperly determined that the ALJ's step-three finding was insufficient. In July 2020, the Court denied the Commissioner's motion, providing a thorough explanation for its original decision, as well as further analysis in response to the Commissioner's additional arguments.[2]

Plaintiff filed a motion for attorney's fees pursuant to the EAJA, seeking an award of $5,589.00 in attorney fees and $400 in costs. This request is based on an hourly rate of $202.50 for time billed between August 2018 and December 2020. The Commissioner submitted a short response opposing the motion on the basis that the government's position was substantially justified. Plaintiff filed a reply arguing that the Commissioner failed to prove that the government's position was substantially justified.

## II. DISCUSSION

The EAJA allows a "prevailing party" to receive attorney's fees for work performed in a judicial proceeding challenging an administrative denial of social security benefits, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

To be substantially justified, the Government's position must be "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The Government bears the burden of proving that its position was, in fact, "substantially justified." *Floroiu v. Gonzales*, 498 F.3d 746, 748 (7th Cir. 2007); *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004). The Government meets its burden if: (1) it had a reasonable basis in truth for the facts alleged, (2) it had a reasonable basis in law for the theory propounded, and (3) there was a reasonable connection between the facts alleged and the theory propounded. *Conrad v. Barnhart,* 434 F.3d 987, 990 (7th Cir. 2006).

The position of the United States includes both the underlying agency conduct and the agency's litigation position. *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994); *see* 28 U.S.C. § 2412(d)(2)(D) ("'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). *See also Golembiewski,* 382 F.3d at 724 ("A decision by an ALJ constitutes part of the agency's prelitigation conduct."). Thus, "EAJA fees may be awarded if either the Government's prelitigation conduct or its litigation position are not substantially justified." *Marcus,* 17 F.3d at 1036. Although "the court must consider both the agency's pre-

---

[1] This is a brief summary of this Court's previous ruling, which can be found at *Nicole W. v. Saul*, No. 18 CV 50292, 2020 WL 550603 (N.D. Ill. Feb. 4, 2020).

[2] This is a very brief summary of this Court's previous ruling, which can be found at *Nicole W. v. Saul*, No. 18 CV 50292, 2020 WL 3799158 (N.D. Ill. July 7, 2020).

litigation conduct and its litigation position, . . . the court ultimately must make one binary decision – yes or no – as to the entire civil action." *Suide v. Astrue,* 453 F. App'x. 646, 648-49 (7th Cir. 2011).

The record shows that Plaintiff has filed a timely petition supported by an itemized statement. The Commissioner has not challenged her position as the "prevailing party" or asserted any "special circumstances" that would make an award of fees and costs unjust. In his brief opposing Plaintiff's fee motion, the Commissioner focuses exclusively on the substantial justification issue. The Commissioner asserts that the "substantially justified" standard is satisfied if there is a genuine dispute. To support his argument that the standard has been met in this case, the Commissioner points to two instances where this Court recognized this was a "close" case.[3]

Plaintiff argues that the Commissioner failed to meet his burden of proving substantial justification as to the Government's pre-litigation conduct. She states that the Court agreed (and the Commissioner did not dispute) that the ALJ's listing analysis was conclusory, that the ALJ ignored significant evidence in his discussion of Plaintiff's credibility, and that the ALJ should have called a medical expert. Plaintiff asserts that the errors made by the ALJ were not simply articulation errors, but the failure to provide enough information for the Court to be able to trace the ALJ's path of reasoning.

Plaintiff also argues that the Commissioner failed to meet his burden as to his litigation conduct. She asserts that the Commissioner's legal position was not substantially justified because of his multiple attempts to prove that his positions were supported by case law that was not clearly established. She also argues that the Commissioner's factual position is not substantially justified because he chose to focus on the contention that Plaintiff was required to establish a prima facie case.

With respect to the Government's pre-litigation conduct, this Court found one predominant issue with the ALJ's decision. As explained in the "Background" section above, the Court found that the ALJ's listing analysis was conclusory and, therefore, inadequate. This Court wrote: "There was no explanation or analysis to enable this Court to trace the path of the ALJ's reasoning, no 'logical bridge' from the evidence to the conclusion." Dkt. 20 at 3. However, the Court's decision to remand on the basis that the ALJ's analysis was inadequate did not reflect a lack of substantial justification. As another court in this district explained:

> In determining whether the Commissioner has met its burden, we note that not every reason for remand reflects a lack of substantial justification. "[T]he ALJ's opinion might offer merely a 'cursory and inadequate' analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion – or the commissioner's defense of the opinion." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *United States v. Thouvenot, Wade & Moerschen, Inc.*,

---

[3] One of the sentences the Commissioner cites comes from the Court's merits decision. The Court stated: "Although it is a close call, the Court is not persuaded for two reasons . . ." *Nicole W.*, 2020 WL 550603, at *4. The other sentence comes from the Court's decision denying the Commissioner's Rule 59(e) motion, where the Court stated: "This Court continues to believe that this decision, although close, was the right one." *Nicole W.*, 2020 WL 3799158, at *2.

596 F.3d 378, 387 (7th Cir. 2010)). The *Bassett* court explained that "the requirement that the ALJ must articulate an assessment of the evidence is 'deliberately flexible,' so the ALJ's failure to 'connect all the dots' in the analysis – and the commissioner's defense of [the analysis] – is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law." 641 F.3d at 859-60 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 864-65 (7th Cir. 2006)).

*Morgan v. Berryhill*, No. 14 C 6513, 2017 WL 1027594, at *2 (N.D. Ill. Mar. 16, 2017).

Here, although the Court found the ALJ's listing analysis to be inadequate, the Court also expressed doubt about whether Plaintiff would be able to present a case strong enough to meet the listing on remand. Dkt. 20 at 4. This acknowledgement is a reflection of the "deliberately flexible" nature of these types of analyses, which allows for differing interpretations to be considered reasonable. Accordingly, despite the fact that the Court remanded on the basis that the ALJ's analysis was inadequate, it cannot say that the ALJ's analysis was unreasonable to the extent that it was not substantially justified.

Contrary to Plaintiff's characterization of the Court's decision, the Court's remarks on the ALJ's credibility analysis and suggestion about obtaining a medical expert on remand were not what the Court relied on to remand the case. The Court chose to briefly address these topics for the purpose of pointing to items that the ALJ should include on remand. *See* Dkt. 20 at 10 ("On remand, the ALJ should consider [the factors in a credibility analysis] in greater detail."); Dkt. 20 at 4 ("[T]he ALJ might find, after making a more in-depth analysis and after consulting with a medical expert, that plaintiff could meet this listing."). Nowhere did the Court indicate that the entire case was being remanded on either of these bases. Rather, this Court remanded the case on the basis that the ALJ's listing analysis was inadequate. The Court plainly wrote:

> [Plaintiff's] primary [argument] is that the ALJ failed to explain why he found plaintiff did not meet Listing 14.09D. Plaintiff's fallback argument is that the ALJ should have obtained an expert opinion on this question. . . . Because the Court finds that a remand is warranted under the first argument, the Court will not address the second one.

Dkt. 20 at 2.

With respect to the Commissioner's litigation position, although the Court ultimately disagreed with the Commissioner's proposed burden shifting framework, that disagreement does not automatically warrant a finding that the Commissioner's position was not substantially justified. A position can be justified even though it is not correct, and the government could take a position that is substantially justified yet lose on the merits. *Grieves v. Astrue*, 600 F. Supp. 2d 995, 1000 (N.D. Ill. 2009), aff'd, 360 F. App'x 672 (7th Cir. 2010). Additionally, the fact that the Court acknowledged the argument's novelty and the conflicting nature of the case law is precisely why the Commissioner's position was substantially justified. The Seventh Circuit has stated that "uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's litigation position." *Kholyavskiy v. Holder*, 561 F.3d 689, 691 (7th Cir. 2009) (citing *Marcus*, 17 F.3d at 1037).

4

      Furthermore, the Commissioner is correct that the fact that this was a "close case" supports the notion that the Government's position was substantially justified. The Seventh Circuit has stated: "We find that the closeness of the question is, in itself, evidence of substantial justification." *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991). *See Brady v. Astrue*, No. 08 C 4216, 2011 WL 767881, at *2 (N.D. Ill. Feb. 28, 2011) ("A significant factor in determining substantial justification is the language of the district court's opinion. . . [A]n opinion suggesting the case was close supports the denial of fees.") (internal quotes and citations omitted); *Grieves*, 600 F. Supp. 2d at 1000 (stating that strong language suggesting a close case supports the denial of fees). Therefore, the fact that this Court twice acknowledged that this was a close case supports finding that the Government's position was substantially justified.

      In sum, after considering the Government's pre-litigation conduct and its litigation position, the Court concludes that the Government's position was substantially justified. Plaintiff may not receive attorney's fees for this case.

## CONCLUSION

      For the foregoing reasons, Plaintiff's motion for attorney's fees is denied.

Date: February 26, 2021                        By: _____
                                                                                             Lisa A. Jensen
                                                                                            United States Magistrate Judge